FILED
 2015 Jun-12  AM 09:49
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| CASSANDRA THOMPSON,   ) | |
| ) | |
| Plaintiff   ) | |
| ) | |
| vs.   ) | Case No.  3:12-cv-03764-HGD |
| ) | |
| RONNIE WILLIS, et al.,   ) | |
| ) | |
| Defendants   ) | |

## MEMORANDUM OPINION AND PARTIAL DISMISSAL ORDER

On March 2, 2015, Magistrate Judge Harwell Davis entered a report and recommendation concerning a partial motion to dismiss.  (Docs. 41, 47).   Judge Davis gave the parties fourteen days to file objections to the recommendation.  (Doc. 47, p. 44).  Neither Ms. Thompson nor any of the defendants has filed objections.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

When no objections are filed, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of any objections. However, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366 (N.D. Ga. 2006) ("[I]ssues upon which no

specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (Mar. 29, 2013) (portions of a report and recommendation "to which no objections is filed are reviewed only for clear error").

The Court has carefully reviewed the record and Judge Davis's March 2, 2015 report and recommendation. Applying the clearly erroneous standard, the Court ADOPTS the March 2, 2015 report and ACCEPTS Judge Davis's recommendations with respect to the defendants' motion for partial dismissal of Ms. Thompson's second amended complaint.[1]

---

[1] Although Ms. Thompson did not object to Magistrate Judge Davis's March 2, 2015 report and recommendation (Doc. 47), Ms. Thompson did object to Judge Davis's February 24, 2014 report and recommendation. In that objection, Ms. Thompson challenged Judge Davis's findings related to her Title VII claims. (Doc. 22; Doc. 26). Magistrate Judge Davis's findings regarding Ms. Thompson's Title VII claims in his February 24, 2014 report and recommendation are substantively similar to his findings regarding Ms. Thompson's Title VII claims in his March 2, 2015 report and recommendation. (*Compare* Doc. 22, pp. 8-12 *with* Doc. 47, pp. 13-17). On June 5, 2015, Judge

Therefore, the Court ORDERS as follows:

(1) the motion to dismiss of defendants Willis, Witt, Hamilton and Ray is MOOT as to plaintiff's claims for monetary damages against the defendants in their official capacities under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 or, to the extent that there is ambiguity in the second amended complaint about the relief Ms. Thompson seeks, the Court GRANTS the motion to dismiss claims for damages against the defendants in their official capacities and DISMISSES those claims WITH PREJUDICE;

(2) the Court GRANTS the motion to dismiss Ms. Thompson's Title VII claims

---

Davis vacated his February 24, 2014 report and recommendation. (Doc. 48). Ms. Thompson's failure to renew her objections concerning her Title VII claims after Judge Davis issued the March 2, 2015 report and recommendation preclude the Court from conducting a de novo review of those findings. The Court notes that even if Judge Davis erred in finding that Ms. Thompson's Title VII claims in her first and second amended complaints did not relate back to her original complaint so that the Title VII claims were untimely, those claims appear to be time-barred for another reason. In a Title VII action, "a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." *H&R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (internal citation omitted). Ms. Thompson's Title VII claims in Count 5 are based on a five-day suspension that Ms. Thompson received on November 11, 2011. (Doc. 39, p. 12). More than 180 days elapsed before Ms. Thompson filed her EEOC charge of discrimination on June 25, 2012. (*See* Doc. 27, p. 1). Moreover, to the extent that Ms. Thompson bases her Title VII claims in Count 5 on any alleged discriminatory remarks, Ms. Thompson's EEOC charge does not reference those alleged statements. (*See* Doc. 27, p. 1). Therefore, these claims likely are barred because Ms. Thompson did not exhaust her administrative remedies. *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004) ("[J]udicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but [the Eleventh Circuit] has cautioned that allegations of new acts of discrimination are inappropriate.") (quoting *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989)).

(Count 5) and DISMISSES those claims WITH PREJUDICE;

(3) the Court GRANTS the motion to dismiss any claim of disparate impact discrimination, to the extent that Ms. Thompson's second amended complaint may be construed as having alleged such a claim, and DISMISSES any disparate impact claim WITH PREJUDICE;

(4) the Court GRANTS the motion to dismiss Ms. Thompson's claim for due process violation (Count 10) and DISMISSES the claim WITH PREJUDICE;

(5) the Court GRANTS the motion to dismiss Ms. Thompson's retaliation claim (Count 12) and DISMISSES the claim WITH PREJUDICE;

(6) the Court GRANTS the motion to dismiss all claims against defendant Ray and DISMISSES WITH PREJUDICE all claims against defendant Ray; and

(7) the motion to dismiss Ms. Thompson's claim of "Gender-Based Hostility in the Work Environment" (Count 7) against defendant Hamilton is MOOT.

DONE and ORDERED this 12th day of June, 2015.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE